ORIGINAL

Michael Doyle Ruggles
P.O. Box 794
Mountain View, HI 96771
(808) 968-0633

Plaintiff Pro Se

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 24 2010

at 9 o'clock and 10 min. A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Michael Doyle Ruggles,<br><br>Plaintiff<br><br>Vs.<br><br>John Weber, Police Vice Officer<br>Lieutenant Samuel Jelsma, respondent superior<br>Captain Larry Weber, respondeat superior<br>Harry Kubojiri, Assistant Police Chief, respondeat superior<br>Lawrence Mahuna, Police Chief, respondeat superior<br>Lincoln Ashida, Hawai'i County Corporate Council, respondeat superior<br>Jay Kimura, Hawaii County Prosecutor, respondeat superior<br>Harry Kim, Hawaii County Mayor, respondeat superior<br>Billy Kenoi, Assistant Hawaii County Mayor, respondeat superior<br>County of Hawaii<br>　　　　Defendants. | CIVIL NO. 10-00367 LEK<br><br>THIRD AMENDED COMPLAINT |

**Third Amended Complaint**

1. I am a citizen of the State of Hawaii and the United States of America whereby I have

1

certain United States Constitutional and Hawaii State constitutional rights to protect my civil liberties.

2. I further am aware that certain violations of my constitutional rights and liberties have occurred and have filed the case here in order to protect the right to have the court review violations and to provide relief to myself and in order to further a collateral consequence that government and its agents be held accountable in order to deter future violations for other citizens.

3. I proceeded pro-se in order to advance the matter and pursue this civil litigation I filed in a timely fashion in order to preserve what I discovered is the statute of limitations so that this case can proceed.

4. Upon reading the Defendants motions, further legal research, and discussion with a local lawyer, I realize that it may be required for me to clarify the factual basis for the relief I am requesting in order that the Defendants be provided the fair opportunity to respond. Upon order Honorable Leslie E. Kobayashi I, plaintiff, have been advised to identify and describe particular constitutional provisions or rights that have been violated.

5. I am only seeking this process as a truth finding endeavor, not to harass or delay. I realize that a well-ordered society requires its citizenry to be ever-vigilant in order to protect my rights and these rights as they exist to protect each of our people.

6. The facts of the matter are that on or about the 9th day of October 2007 while I was maintaining a medical marijuana certificate and was carefully monitoring the number of plants permissible in order to remain within the legal process, my home was invaded by Officer John Weber of the Hawaii County Police Department. I pointed out the medical marijuana certificates that were duly issued by the State of Hawaii, narcotics enforcement division, as registered by Keith Kamita. The certificates were posted on my refrigerator, in plain view, but Officer John Weber ignored me when I pointed them out. Although, I, my wife, and my daughter each maintained lawful certificates pursuant to Hawaii medical marijuana registry, and although I explained these facts to John Weber, he determined on his own accord, acting by color of law, to falsely charge, falsely imprison, intentional and/or negligent infliction of emotional distress, invasion of privacy, slander, libel and other causes of action according to

proof. I have discovered since the date of arrest that John Weber violated Hawaii County Police Rules and Regulations of conduct during investigations of marijuana and ignored the fact that marijuana is permitted in accordance to law and in so doing violated a number of my civil rights and engaged in tortuous misconduct. It appears the remaining Defendants have authorized, encouraged, and are responsible for such violations. As a result of these actions, I have been falsely imprisoned, I have suffered enormous emotional distress resulting in medical problems that persist to this day, I have been deprived of property, I have suffered slander and libel, and I have been subjected to malicious prosecution.

7. Officer John Weber violated my first amendment right granted by the United States Constitution by ignoring the fact that I am a member of the THC Ministry. Hawaii County Police Rules and Regulations require officers to document religious use of marijuana, and John Weber did not do so. He failed to document the "The Hawaii Cannabis Ministry --SANTUARY" sign that was on my refrigerator next to the three medical marijuana cards issued to my address. This lack documentation in itself causes me harm as it seriously impacts my ability to defend myself. Nor did he accurately report anything that I said about my spiritual use of marijuana

8. Officer John Weber violated my United States fourth amendment right to be secure in my person, house, papers, and effects, against unreasonable searches and seizures. John Weber knowingly obtained a warrant based upon false probable cause, searched and seized me and my families private property, violating my fourth amendment right granted by the United States Constitution.

9. Lincoln Ashida, Jay Kimura, Harry Kim, and Billy Kenoi violated my United States Constitution Fifth Amendment right that no person shall be compelled to be a witness against himself. It is Lincoln Ashida, Jay Kimura, Harry Kim and Billy Kenoi's intention to enforce criminal marijuana laws on medical marijuana patients that should not apply because under state and county statues marijuana patients are allowed to have marijuana in all forms. Lincoln Ashida, Jay Kimura, Harry Kim, and Billy Kenoi have supported enforcing laws that force me to incriminate myself by having to disclose the exact location of my medical marijuana so that the Hawaii County Police Department, including John Weber, Samuel Jelsma, Larry Weber,

Harry Kobojiri, Lawrence Mahuna may get a search warrant upon seeing marijuana at this exact location and violate my United States fifth amendment right.

10. John Weber et al. violated my eighth amendment right granted by the United States Constitution that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments be inflicted. John Weber inflicted cruel and unusual punishment on me by having falsely charged me with inaccurate and exaggerated evidence, having committed slander and libel on several accounts, including in the affidavit for the search warrant and before the Grand Jury, and having seized my medical marijuana and money. Under Oath I swore that all of the marijuana confiscated on this date, October 9, 2007 was harvested three days before John Weber came to my home and seized it. The marijuana that was confiscated on October 9, 2007 was harvested three days prior, to its seizure on October 6, 2007. Since it takes five to two weeks for marijuana to dry and as I harvested all marijuana evidence being charged against me three days prior to confiscation, none of the marijuana seized as evidence could have been dry and usable. These bags are described and I was falsely charged as a "dried and leafy substance," (evidence list), thus, are being inaccurately used against me as an exaggerated amount, because, wet marijuana weighs fifteen times more than dried marijuana (Medical Marijuana Growing Guide by Ed Rosenthal)

Concerning the alleged twelve mature marijuana plants, John Weber has received extensive special training and experience in the field of marijuana Identification and narcotic and drug investigation as listed in his Relevant Background Information Relating to Possession and Cultivation of Marijuana. In other testimony he says he knows that when marijuana plants are mature they show their sex. However, on January 7, 2008 I had Ph. D Biologist, University of Hawaii Chair of Science, Professor Laura Brezinsky, come to the police station to examine the marijuana plant evidence being charged against me by John Weber. Upon careful examination Professor Laura Brezinsky concluded that only seven of all the seized marijuana plants were mature and "flowering," (or showing its sex), and testified as so on February 11, 2009. John Weber has charged me with having twelve mature marijuana plants, three more than allowed by medical marijuana statues, when in actuality my

address had only possessed seven, two under the allowed amount. John Weber has used an exaggerated amount of evidence concerning the number of mature marijuana plants my address possessed at the time of arrest and has falsely charged it against me.

John Weber charged me with exaggerated and inaccurate evidence when he unreasonably assumed that all twenty-one plants were mine. He knew that there were three licenses registered for my address, seven plants a person, totaling the twenty-one plants being charged against me. It only makes sense that because I had one medical marijuana permit that seven of the marijuana plants were mine. It also only makes sense that the other fourteen marijuana plants belonged to the other two residents at my address who also possessed medical marijuana permits, each owning seven plants, what is permitted by medical marijuana statues. John Weber is inflicting unreasonable, cruel and unusual punishment on me by having falsely charged me with evidence that I was obviously not responsible for.

While testifying before the Grand Jury on December 5, 2007, John Weber committed slander and libel on several accounts when he knowingly stated misinformation regarding the number of mature plants on my property, the number of permits registered on my property. John Weber stated that he could only find two permits for my address when he knew before he got the warrant that there were three permits registered for my address. Even, assuming arguendo, that he did not know there were three permits before he got the warrant, (which I proved he did), he later testified that on October 10, 2007, after he arrested me, he called Narcotics Enforcement Division and found that my wife, Rhonda Ruggles, also had a medical marijuana permit, and had become aware of Crystal O'Brien (my daughter) having a medical marijuana permit at my address. John Weber was fully aware that three medical marijuana permits were registered at my address before he testified to the Grand Jury on December 5, 2007. He knowingly does not mention the three permits because my address would not have exceeded the legal number of plants, twenty-one, not exceeded the legal number of mature plants, nine, and would have not exceeded the legal limit of nine ounces of dry and usable marijuana. John Weber knowingly committed libel and slander by making me seem like a criminal and not stating the

truth of the matter; my address had three permits and was legally permitted the number of plants it had, mature, and not mature.

John Weber committed slander by stating there were twelve mature marijuana plants of which he seized as evidence at my address on the date of arrest. John Weber has received extensive special training and experience in the field of marijuana identification and narcotic and drug investigation as listed in his Relevant Background Information Relating To Possession and Cultivation of Marijuana. In other testimony he says he knows that when marijuana plants are mature they show their sex. However, on January 7, 2008 I had Ph. D Biologist, University of Hawaii Chair of Science, Professor Laura Brezinsky come to the police station to examine the marijuana plant evidence being charged against me by John Weber. Upon careful examination Professor Laura Brezinsky concluded that only seven of all the seized marijuana plants were mature and "flowering," (or showing its sex), and testified as so on February 11, 2009. John Weber stated that my address had twelve mature marijuana plants, when in fact, as proven by an expert in the field of plant matter, Laura Brezinsky, there were only seven mature marijuana plants. With John Weber's special training he would have known there were actually seven mature marijuana plants on my property, not twelve- which means my address did not exceed the legal limit of mature plants for three medical marijuana permits being nine. John Weber committed slander when he said my address had twelve marijuana plants and was "was over the limit" because as proven above, my address was not "over the limit." John Weber committed slander to the Grand Jury when he states "he's dealing you know," when he was not asked his opinion on this matter. This was an unnecessary except to make me look like a criminal without evidence.

Officer John Weber inflicted cruel and unusual punishment by having falsely imprisoned me, having charged me with exaggerated and false evidence, having committed several accounts of slander, having seized my private property, and therefore; violated my eighth amendment right granted by the United States Constitution that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments be inflicted.

11. Lincoln Ashida, Jay Kimura, Harry Kim, Billy Kenoi, and Officer Weber violated

my United States Constitutional fourteenth amendment right that any State shall not deprive any person of life, liberty, or property, without due process of law;nor deny any person within its jurisdiction the equal protection of the laws. Lincoln Ashida, Jay Kimura, Harry Kim, and Billy Kenoi employed and authorized John Weber to deprive me of my property, liberty, and due process. Because John Weber made false statements of how many medical marijuana permits were at my address at the time of warrant issued and arrest, falsely exaggerated the amounts of dry and usable marijuana charged against me, falsely exaggerated the amount of mature marijuana plants at my address, and misrepresented the responsibility of marijuana evidence he deprived me of my right of due process. The affirmative defense of my address possessing multiple medical marijuana permits all of which were in compliance has been revoked because of his misrepresentations depriving my right of due process.

12. Above said behavior by Officer John Weber and policies set up by his superiors, the remaining Defendants violated not only my United State Constitution Rights, but my Hawaii State Constitutional rights as well.

13. Officer John Weber et al., violated my Hawaii State Constitutional Right, Section 4 of Freedom of Religion by not reporting the fact that I was an active member of the THC Ministry, because he was consciously precluding me from religious defense.

14. Officer John Weber et al., violated my Hawaii State Constitutional Right, Section 5 that no person shall be deprived of liberty or property without due process of law.

15. Officer John Weber et al. violated my Hawaii State Constitutional Right, Section 6 that the right to privacy is recognized and shall not be infringed without the showing of compelling state interest.

16. Officer John Weber et al. violated my Hawaii State Constitutional Right, Section 7 of the right of the people to be secure in their persons, houses, and papers and effects against unreasonable searches, seizures and invasions of privacy shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation.

17. Officer John Weber et al. violated my Hawaii State Constitutional Right, section 8 that no citizen shall be disfranchised, or deprived of any of the rights or privileges secured to other citizens, unless by the law of the land.

18. Officer John Weber et al. violated my Hawaii State Constitutional Right, Section 10 that any person be compelled in any criminal case to be a witness against oneself.
19. Officer John Weber et al. violated my Hawaii State Constitutional Right, Section 12 to be protected from inflicted cruel or unusual punishment.
20. Officer John Weber et al violated my Hawaii State Constitutional Right, Section 14 that the accused shall enjoy the right to a public trial by and impartial jury.
21. Lieutenant Samuel Jelsma is respondeat superior to Officer Weber. Captain Larry Weber is Lieutenant Samuel Jelsma's respondeat superior. Harry Kubojiri is Captain Larry Weber's respondeat superior. Lawrence Mahuna formerly was. Lieutenant Samuel Jelsma's respondeat superior. Lincoln Ashida acts as Lawrence Mahuna's and Harry Kubojiri'srespondeat superior. Billy Kenoi in 2007 as assistant mayor, was Lawrence Mahuna's respondeat superior. Harry Kim, as mayor, in 2007 was, Billy Kenoi's respondeat superior and is now respondeat superior for Samuel Jelsma, Larry Weber, Harry Kubojiri, and Lincoln Ashida.. Employers are vicariously liable, under the respondeat superior doctrine, for negligent acts or omissions by their employees in the course of employment. For an act to be considered within the course of employment it must either be authorized to or be so connected with an authorized act that it can be considered a mode, though an improper mode to performing it.
22. Jay Kimura, as County Prosecutor, is responsible for the acts of the Prosecutor's office. The prosecutor's office has been part and parcel of all of these violations, having engineered a climate where infractions by police officers are minimized in every instance, without exception, and citizens are convicted without going to trial as a general rule. This climate allowed for the wanton disregard of my rights by Officer John Weber. The behavior has been not only condoned, but also encouraged, by Jay Kimura.

In 2007, Officer John Weber's superiors directed him to get a search warrant if he saw marijuana as a result of aerial surveillance. Currently, in 2010 that is no longer their policy. Even though laws have not changed, Police Officers are directed to check medical certificates and compliance before they obtain a search warrant. This demonstrates a change in policy although laws have remained the same, thus, demonstrating that John Weber's superiors Samuel Jelsma, Larry Weber, Harry

8

Kobojiri, Lawrence Mahuna, Lincoln Ashida, Jay Kimura, Billy Kenoi, and Harry Kim were ultimately responsible for his actions. The Police Department is a paramilitary organization where no officers may take actions except with orders from superiors. Because Defendants were in Officer John Weber's chain of command, each person in turn must have approved of this policy of aerial surveillance and search warrants despite medical marijuana certificates, therefore; each is responsible for each United States constitutional violation and Hawaii State Constitution violation as it was their position to encourage and authorize John Weber's actions as so.

Respectfully submitted on the 24th day of September 2010 by Michael Doyle Ruggles, pro se.

_____ Date 9/24/10

### CERTIFICATE OF SERVICE

Service of copies of this Third Amended Complaint were mailed by first class mail or hand delivered on the 24th day of September, 2010, to the following parties:

Magistrate Judge Leslie E. Kobayashi
United States District Court, District of Hawaii
Room C-330
300 Ala Moana Blvd., Honolulu HI 96850

Michael J. Eudovic, Deputy Corporate Counsel
Office of Corporate Counsel
101 Aupuni Street, Suite
Hilo, HI 96720-4262

Joseph Kalani Kamelamela, Deputy Corporate Counsel
Office of Corporate Counsel
101 Aupuni Street, Suite
Hilo, HI 96720-4262

Lincoln Ashida, Deputy Corporate Counsel
Office of Corporate Counsel
101 Aupuni Street, Suite
Hilo, HI 96720-4262

_____ Date 9/24/10