IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL DOYLE RUGGLES, | ) | CIVIL NO. 10-00367 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN WEBER, POLICE VICE OFFICER, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS SAMUEL JELSMA, LARRY WEBER, HARRY KUBOJIRI, LAWRENCE MAHUNA, LINCOLN ASHIDA, JAY KIMURA, HARRY KIM, AND BILLY KENOI'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT JOHN WEBER'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Before the Court is Defendants Samuel Jelsma, Larry Weber, Harry Kubojiri, Lawrence Mahuna, Lincoln Ashida, Jay Kimura, Harry Kim, and Billy Kenoi's (collectively, "Moving Defendants")[1] Motion to Dismiss or in the Alternative to Stay Pending Judgment in CR. No. 07-1-0593 in the Circuit Court of the Third Circuit, State of Hawai`i ("Motion"), filed on May 12, 2011. Pro se plaintiff Michael Doyle Ruggles ("Plaintiff") did not respond to the Motion. On July 28, 2011, the Court issued an order vacating the hearing on the Motion, granting the Motion, and stating that a written order would follow. After careful consideration of the Motion and the relevant legal authority, the

---

[1] Unless otherwise noted, the Moving Defendants and Defendant John Weber are collectively referred to as "Defendants".

Motion is HEREBY GRANTED insofar as the Court HEREBY DISMISSES Plaintiff's Third Amended Complaint WITHOUT PREJUDICE for the reasons set forth below.

**BACKGROUND**

I. <u>Factual History</u>

Plaintiff alleges that, on October 9, 2007, Defendant John Weber, an officer with the Hawai`i County Police Department, improperly entered Plaintiff's home. [Third Amended Complaint at ¶ 6.] Plaintiff claims that, *inter alia*, although he informed Defendant John Weber that he, his wife, and his daughter had state-issued licenses for the possession and use of medical marijuana, Defendant John Weber proceeded to investigate and arrest him, thereby violating Plaintiff's civil rights and committing various tortious acts. [<u>Id.</u>] Plaintiff alleges that the other Defendants "have authorized, encouraged, and are responsible for such violations." [<u>Id.</u>] Plaintiff further alleges that, as a result of these events, he experienced "enormous emotional distress", false imprisonment, deprivation of property, slander and libel, and malicious prosecution. [<u>Id.</u>] Plaintiff also alleges that Defendants Lincoln Ashida, Jay Kimura, Harry Kim, and Billy Kenoi violated his constitutional rights by attempting "to enforce criminal marijuana laws" on him in spite of his license for medical marijuana use. [<u>Id.</u> at ¶ 9.]

**II. Procedural History**

On July 1, 2010, Defendants Samuel Jelsma, Larry Weber, Harry Kubojiri, Lincoln Ashida, Jay Kimura, Harry Kim, and Billy Kenoi (collectively, "Removal Defendants") removed this action to this district court. The Removal Defendants note that Plaintiff filed his Second Amended Complaint on June 21, 2010 and that they received the Second Amended Complaint on that date.[2] [Notice of Removal at 2.]

On July 8, 2011, the Removal Defendants filed their Motion for More Definite Statement. [Dkt. no. 6.] On August 25, 2011, this Court issued an order granting said motion in part and denying it in part. [Dkt. no. 9.] The Court ordered Plaintiff to file a Third Amended Complaint by no later than September 24, 2010. [Id. at 5-6.]

On September 24, 2010, Plaintiff filed his Third Amended Complaint. [Dkt. no. 11.] The Third Amended Complaint alleges constitutional claims under both the United States Constitution and the Hawai`i Constitution and appears to allege various state common law claims. Although the Third Amended Complaint does not contain an express prayer for relief, the

---

[2] The Second Amended Complaint is attached to the Notice of Removal as Exhibit 1 to the Affidavit of Michael J. Udovic. Plaintiff filed his original Complaint on November 8, 2009. He filed a First Amended Complaint on April 8, 2010. On April 28, 2010, the Removal Defendants filed a motion to dismiss the First Amended Complaint. The state court filed an order granting that motion on June 29, 2010.

Court infers from the nature of Plaintiff's claims that he seeks both damages and declaratory relief.

The Removal Defendants filed an answer to the Third Amended Complaint on October 4, 2010. [Dkt. no. 12.] On November 5, 2010, Plaintiff filed a "Rebuttal" to the Removal Defendants answer. [Dkt. no. 16.]

On March 22, 2011, Plaintiff filed his Motion for Alternative Service. [Dkt. 33.] The magistrate judge denied said motion on March 28, 2011 and issued an order to show cause ("OSC") why the case should not be dismissed against Defendants John Weber and Lawrence Mahuna for failure to serve. [Dkt. no. 34.] In a hearing on the OSC on May 6, 2011, the magistrate judge noted that Plaintiff served Defendant Lawrence Mahuna and that Plaintiff made reasonable attempts to serve Defendant John Weber. The magistrate judge granted Plaintiff thirty more days to either serve John Weber through a process server or by way of publication.[3] [Dkt. no. 40.]

On May 12, 2011, Defendant Lawrence Mahuna filed an answer to the Third Amended Complaint. [Dkt. no. 46.]

On July 1, 2011, Plaintiff filed an affidavit of

---

[3] On March 28, 2011, the Removal Defendants filed their Motion to Dismiss Unserved Defendants seeking dismissal of the action against Defendants John Weber and Lawrence Mahuna. [Dkt. no. 35.] On May 9, 2011, this Court issued an order denying that motion as moot in light of the magistrate judge's minute order. [Dkt. no. 43.]

publication stating that a "Notice of Pendency of Action and Summons" for Defendant John Weber appeared in the Honolulu Star Advertiser on four separate occasions during the month of June 2011. [Dkt no. 56.] On July 11, 2011, Plaintiff filed another affidavit of publication stating that a similar notice appeared in "The Post and Courier", a South Carolina newspaper, on eight occasions during the month of June 2011. [Dkt. no. 58.]

On August 1, 2011, Defendant John Weber filed an answer to the Third Amended Complaint. [Dkt. no. 63.]

In the instant Motion, the Moving Defendants request that the Court dismiss the instant action because criminal charges against Plaintiff are pending in state court which concern the same the factual issues that are the subject of the instant case. In the alternative, the Moving Defendants request that the Court stay the instant case pending the outcome of the criminal trial. [Mem. in Supp. of Motion at 2.]

The Moving Defendants argue that dismissal of this action is appropriate "because it is clear beyond any doubt that the plaintiff's victory in his civil rights claim would necessarily implicate the validity of the pending criminal charges and of the civil rights plaintiff's arrest, prosecution and potential incarceration." [Id. at 11.] According to the Moving Defendants, dismissal is "appropriate in those instances where there exists uncertainty as to whether a victory in the

civil rights suit would impact the pending criminal prosecution." [Id. at 10-11.]

## STANDARD

The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), bars claims that would interfere with ongoing state criminal proceedings. This district court has noted that:

> Younger bars requests for declaratory and monetary relief for certain constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. Gilbertson v. Albright, 350 F.3d 1030, 1032 (9th Cir. 2003) (citing Green v. City of Tucson, 255 F.3d 1086, 1092-93 (9th Cir. 2001) (en banc)). Younger abstention continues to apply after conviction, while a case works its way through the state appellate process. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989). The federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. See Younger, 401 U.S. 37, 43-54; H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) ("When the case is one in which the Younger doctrine applies, the case must be dismissed.").
> Abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; (3) the state proceedings afford adequate opportunity to raise the constitutional issue; and (4) the federal action would enjoin the state proceeding, or have the practical effect of doing so in a manner disapproved by Younger. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, (9th Cir. 2007); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982[]).

Wilkes v. HCCC Cent. Hosp., Civ. No. 11-00041 HG-BMK, 2011 WL 563987, at *6 (D. Hawai`i Feb. 7, 2011). Extraordinary circumstances exist "where the danger of irreparable loss is both

6

great and immediate." Younger, 401 U.S. at 45 (citation omitted). Examples of extraordinary circumstances include: a state tribunal that is so biased that it cannot constitutionally conduct a hearing on the matter; Gibson v. Berryhill, 411 U.S. 564, 578-79 (1973) (citations omitted); or a "bad faith prosecution or harassment on the part of the government[;]" Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225 n.8 (9th Cir. 1994) (citations omitted).

## DISCUSSION

### I. Abstention Requirement

#### A. Pending State Proceedings

On December 6, 2007, Plaintiff was indicted in state court for one count of promoting a detrimental drug in the first degree and one count of prohibited acts related to drug paraphernalia. State v. Ruggles, Cr. No. 07-1-0593, Indictment.[4] The prosecution was ongoing at the time the Moving Defendants filed their Motion, and appears to be ongoing as of the date of this order.[5] The Court observes, moreover, that the prosecution

---

[4] The Indictment is attached to the Motion as Exhibit 1 to the Declaration of Michael J. Udovic. [Dkt. no. 47-3.]

[5] State court records indicate that the trial, which at one point was set to begin on July 25, 2011, was postponed until at least September 6, 2011. State v. Ruggles, Cr. No. 07-1-0593, Court Minutes for 7/25/11, at 1. The Court takes judicial notice of this matter pursuant to Fed. R. Evid. 201(c). See Finley v. Rivas, CV 10-00421 DAE-KSC, 2010 WL 3001915, at *2 n.2 (D. Hawai`i July 31, 2010) ("This court 'may take notice of
(continued...)

7

concerns the same set of facts at issue in the instant case. Id. Thus, the Court FINDS that the first abstention requirement is satisfied.

### B. **The State's Interests in the State Proceedings**

The state proceedings in the instant case, similar to those in Younger, concern the criminal prosecution of a federal plaintiff. It is well-established that the enforcement of criminal law is an important state interest. See, e.g., Younger, 401 U.S. at 51-52 (noting the state's "important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution"). As a result, the Court FINDS that the second abstention requirement is satisfied.

### C. **Opportunity to Raise the Constitutional Issues**

"Minimal respect for state processes . . . precludes any **presumption** that the state courts will not safeguard federal constitutional rights." Middlesex, 457 U.S. at 431 (emphasis in original). Moreover, "when a litigant has not attempted to present his federal claims in related state-court proceedings, a

---

[5](...continued)
proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992))).

8

federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). "[A] plaintiff opposing abstention bears the burden of establishing that the pending state proceedings do not provide an adequate remedy for their (sic) federal claims." E.T. v. George, 681 F. Supp. 2d 1151, 1176 (E.D. Cal. 2010) (citing 31 Foster Children v. Bush, 329 F.3d 1255, 1279 (11th Cir. 2003)); accord Henry A. v. Willden, No. 2:10-cv-00528-RCJ-PAL, 2010 WL 4362809, at *18 (D. Nev. Oct. 26, 2010) (citing 31 Foster Children, 329 F.3d at 1279).

Plaintiff has offered neither argument nor evidence that the pending state proceedings do not provide him with an adequate remedy for presenting his constitutional claims. Thus, the Court assumes that state proceedings will afford him an "adequate remedy" and FINDS that the third abstention requirement is satisfied.

### D. **Effect of the Federal Action**

Finally, if the Court found in Plaintiff's favor and ruled that his arrest and prosecution violated his constitutional rights, the ruling would have the practical effect of enjoining the state criminal proceedings. Thus, the fourth abstention requirement is satisfied.

E. **Extraordinary Circumstances Exception**

Plaintiff has made no showing that he will suffer immediate and irreparable harm if this Court abstains from hearing his claims until the conclusion of the state proceedings, including any appeal. The Court, moreover, FINDS that there are no extraordinary circumstances warranting federal intervention.

Insofar as all of the abstention requirements are satisfied and the extraordinary circumstances exception does not apply, the Court FINDS that abstention is required in this case.

II. **Stay or Dismissal**

The Court must now determine whether to stay or dismiss Plaintiff's claims. As a general rule, "[c]laims for injunctive or declaratory relief are normally dismissed; claims for monetary damages may be stayed." Wilkes, 2011 WL 563987, at *6 (citing Juidice v. Vail, 430 U.S. 327, 348 (1977)). In the present case, to the extent that Plaintiff seeks damages from Defendants, his claims are premature because they would implicate the validity of his conviction. See id. (citing Heck v. Humphrey, 512 U.S. 477 (1994) (holding that a plaintiff cannot bring a civil rights actions for damages for a wrongful conviction unless that conviction has been reversed, expunged . . ., or otherwise determined improper)). Thus, a stay is not appropriate in this case.

The Court therefore GRANTS the Motion and DISMISSES the

Third Amended Complaint against the Moving Defendants WITHOUT PREJUDICE.

## III. Abstention and Defendant John Weber

Since the Moving Defendants' filed their Motion, Defendant John Weber made an appearance in this case. Although Defendant John Weber has not filed a joinder to the Motion, he filed a Motion to Dismiss for Insufficient Service of Process on August 3, 2011. [Dkt. no. 64.] This motion is currently set for hearing on November 2, 2011. [Dkt. no. 65.]

The Court finds that its abstention analysis with respect to the Moving Defendants also applies to Defendant John Weber. Accordingly, the Court sua sponte DISMISSES the Third Amended Complaint against Defendant John Weber WITHOUT PREJUDICE. See N Group LLC v. Hawai`i Cnty. Liquor Comm'n, 681 F. Supp. 2d 1209, 1236 (D. Hawai`i 2009) ("This Court may raise the issue of Younger abstention sua sponte." (citing H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) (observing that "Younger abstention may be raised sua sponte at any point in the appellate process"))). Defendant John Weber's Motion to Dismiss for Insufficient Service of Process is therefore DENIED AS MOOT.

## CONCLUSION

On the basis of the foregoing, the Moving Defendants' Motion to Dismiss or in the Alternative to Stay Pending Judgment in CR. No. 07-1-0593 in the Circuit Court of the Third Circuit,

11

State of Hawai`i, filed on May 12, 2011, is HEREBY GRANTED.  The Court HEREBY DISMISSES the Third Amended Complaint against the Moving Defendants WITHOUT PREJUDICE.  The Court further DISMISSES the Third Amended Complaint against Defendant John Weber WITHOUT PREJUDICE.  In addition, Defendant John Weber's Motion to Dismiss for Insufficient Service of Process, filed August 3, 2011, is DENIED AS MOOT.

The dismissal of Plaintiff's Third Amended Complaint is without prejudice to the filing of a new action when the status of the state proceedings is such that abstention is no longer required.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 22, 2011.



/S/ Leslie E. Kobayashi

Leslie E. Kobayashi
United States District Judge


**MICHAEL DOYLE RUGGLES V. JOHN WEBER, ET AL; CIVIL NO. 10-00367 LEK-KSC; ORDER GRANTING DEFENDANTS SAMUEL JELSMA, LARRY WEBER, HARRY KUBOJIRI, LAWRENCE MAHUNA, LINCOLN ASHIDA, JAY KIMURA, HARRY KIM, AND BILLY KENOI'S MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT JOHN WEBER'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**